UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN R. KIBBE

    Plaintiff,

                                                  Case No. 17-12288

v.

                                                  Honorable Victoria A. Roberts

UNITED STATES, et al,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. 9]**

Dean R. Kibbe ("Kibbe"), filed a complaint against the United States government. Kibbe asks that the Court order the Government to grant his Freedom of Information Act ("FOIA") request pursuant to 5 U.S.C. § 552(a). Kibbe also requests that the Court enter a cease and desist order and a permanent injunction, stopping and/or preventing the Government from hacking his computer.

The Government filed a motion for summary judgment ("Motion"). In its Motion, the Government argues that: 1) it has fulfilled its disclosure obligations in response to Kibbe's FOIA request, since it conducted an adequate search for the requested document; and 2) Kibbe is not entitled to a permanent injunction, since he cannot offer any credible evidence to refute the fact that the CIA is not monitoring his communications. That motion is GRANTED.

Kibbe also filed a motion for perpetual mandatory injunction. [Doc. # 12]. He asks the Court to enjoin the Government from enforcing federal marijuana laws; Kibbe believes it is necessary for him to smoke marijuana in order to respond to the

Government's Motion. Because Kibbe responded to the Government's Motion for summary judgment, and because the Court grants that Motion, Kibbe's motion for perpetual mandatory injunction is MOOT.

## I. Background

Kibbe, a United States Marine Corps veteran who served in the Vietnam War, claims to have attempted to obtain records concerning the Marines' "Combined Action Program" ("CAP"). Kibbe attaches letters to his complaint, from a Marine Corps Lieutenant Colonel to Kibbe's parents. These letters indicate that Kibbe was assigned to CAP during his time in Vietnam. According to Kibbe, CAP was a project under the jurisdiction of the Third Marine Amphibious Force in the Republic of Vietnam. This project, Kibbe says, was a merger between ground combat troops and spies. Kibbe claims that Marines were assigned by CAP to be military advisors to the South Vietnamese Popular Forces Troops ("Popular Forces"), who shared combat duties with the Marines and also acted as spies. The Central Intelligence Agency ("CIA"), according to Kibbe, used the Marines to perform combat activities through CAP, and assassinated the Marines after they completed these activities. Kibbe claims that this assassination was done using the CIA's "crack and splatter" method, which the CIA also used to assassinate President John F. Kennedy. [Complaint, Paragraph 1-4, 11]. In his response to the Government's Motion, Kibbe says that he would like to gather evidence to prove that the CIA murdered CAP Marines to keep spy activities secret.

Kibbe submitted a FOIA request on January 3, 2017 for information on a Marine officer allegedly assassinated by the CIA after leaving the CAP. That request was closed on February 2, 2017. Kibbe submitted a second request on March 23, 2017,

seeking "the complete unit diaries for the month of November 1968 and December 1968 for: Combined Action Company 1-3, First Combined Action Groups, Combined Action Program, Third Marine Amphibious Force Republic of Vietnam." Before the Government completed this request, Kibbe filed this action on July 11, 2017.

The Government attached to its Motion a declaration of Michael L. Peters ("Peters"), a FOIA analyst assigned to the Marine Corps. Peters declares that in an effort to locate the unit diaries Kibbe requested, he personally went to the Manpower Management Records and Performance Branch aboard Marine Corps Base Quantico on August 15, 2017. He was assigned this task because of his familiarity with its records. He specifically searched for the diaries of the "1st COMBINED ACTION GROUP, IIIMAF, FMF" for the period of November and December 1968. Using the "Reporting Unit Code (1968 RUC Book)," Peters declares that he retrieved the reel that contained the unit diaries for the months of October through December 1968. He then examined the reel on a microfilm viewer/scanner, and made copies of responsive pages. Some pages of the unit diaries were barely legible. Peters declares that he stamped those images with "BEST COPY AVAILABLE USMC." The diaries were printed upon completion of his search, electronically scanned, and made available to Kibbe via the U.S. Army's Aviation and Missile Research Development and Engineering Center's Safe Access File web application, and Kibbe's online FOIA account. [Motion, Ex. 3].

In response to the Government's motion, Kibbe argues that: 1) non-exempt information is missing from the documents sent by the Government; and 2) genuine issues of fact surround his entitlement to a permanent injunction.

3

Kibbe names the United States as the defendant in this action. Under FOIA, the Court has jurisdiction "to enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added). The proper defendant in this action is the United States Marine Corps. *See Wright v. IRS*, 1995 U.S. Dist. LEXIS 16118, *1 n.1 (E.D. Cal. Oct. 12, 1995) (where the Court noted that although the plaintiff listed the United States as a defendant, the proper defendant was the Internal Revenue Service, the agency that received the plaintiff's FOIA request).

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden to inform the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id.* at 324. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the mere existence of a scintilla of evidence in support of the non-movant's position; the evidence must be such that a reasonable jury could find in its favor. *Alexander v. CareSource*,

576 F.3d 551, 560 (6th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court only needs to consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

### III. Analysis

#### A. Kibbe Offers No Evidence of Missing Information

The Government argues that it conducted a reasonable search for documents responsive to Kibbe's request, and is entitled to summary judgment. In his response, Kibbe says that non-exempt information is missing, including information about daily spy activities.

The adequacy of the agency's search for requested documents is judged by a standard of reasonableness. *Maynard v. CIA*, 986 F.2d 547, 559 (D.C. Cir. 1993). "An agency fulfills its obligations under the FOIA if it can demonstrate beyond a material doubt that it conducted a search that was reasonably calculated to uncover all relevant documents." *Folstad v. Board of Governors*, 2000 U.S. App. LEXIS 27626, *3-4 (6th Cir. Oct. 26, 2000). However, a mere speculation that uncovered documents may exist does

not undermine a finding that the agency conducted a reasonable search. *Klunzinger v. IRS*, 27 F. Supp. 2d 1015, 1022 (W.D. Mich. 1998).

Kibbe provides no basis to support his assertion that information is missing from the documents produced, or that any information about daily spy activities exists. He has not demonstrated the existence of a genuine issue of fact concerning missing documents.

### B. The Government Fulfilled Its FOIA Obligations

To establish that its search was reasonable, the agency must show that it made a good faith effort in searching for the requested documents, "using methods reasonably expected to produce the requested information." *Folstad*, 2000 U.S. App. LEXIS 27626 at *4. The agency can rely on affidavits or declarations submitted by agency officials responsible for responding to the request. *Maynard*, 986 F.2d at 559. At a minimum, this declaration should describe in reasonable detail the scope and method of the search conducted. *Id.* If the agency demonstrates that it conducted a reasonable search, the requester can rebut this only by showing that the agency's search was not made in good faith. *Id.* at 560.

The Government shows that the agency that responded to Kibbe's request fulfilled its FOIA obligations. Peters' declaration gives details of the scope and method of the search he personally conducted in response to Kibbe's request, including the search terms he used and the type of search he performed. *Maynard*, 986 F.2d at 563. These search terms, though abbreviated, were identical to the terms Kibbe used in describing the documents he requested. Peters also declares that he pulled reels of unit

dairies from October 1968 to December 1968, which was beyond the scope of the unit diaries requested by Kibbe. He then adjusted and readjusted barely legible images so that they could be properly examined.

The Court finds that such a search was done in good faith, and was reasonably calculated to uncover all relevant documents. *Folstad*, 2000 U.S. App. LEXIS 27626 at *3-4.

Kibbe offers no evidence to show that the agency did not conduct this search in good faith. *See Chamberlain v. United States DOJ*, 957 F. Supp. 292, 295 (D.D.C. 1997) (where the Court found no reason to question the reasonableness of the government's FOIA search when the plaintiff offered no evidence of bad faith, or the existence of missing documents). Kibbe fails to create a genuine issue of fact for trial.

### C. Kibbe Is Not Entitled To A Permanent Injunction

The Government argues that Kibbe is not entitled to injunctive relief. The CIA, according to the Government, is not monitoring Kibbe's communications, and Kibbe cannot offer credible evidence to dispute this. Kibbe argues that it is disputed whether he is entitled to an injunction.

Kibbe alleges that the Government has been hacking and/or trying to hack his computer since President George W. Bush's administration, via servers running through the Department of Defense's Network Information Center in Vienna, Virginia. [Complaint, Paragraph 19]. In an attempt to prove this, Kibbe attaches incomprehensible network maps and server information to this complaint. He fails to explain how these exhibits are evidence of Government hacking. Kibbe's conclusory

statements concerning hacking by the Government are unsupported, and are insufficient to establish a factual dispute to defeat summary judgment. *Alexander*, 576 F.3d at 560.

## IV.   Conclusion

The Government fulfilled its obligations in responding to Kibbe's FOIA request. Kibbe does not demonstrate that a genuine issue of material fact exists. The Government's motion for summary judgment is GRANTED. Kibbe's motion for perpetual mandatory injunction [Doc. # 12] is MOOT.

**IT IS ORDERED**.

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated:  February 28, 2018